C. T. HARPER, as Mayor, and O. H. SULLIVAN, as Chief of Police of the City of Homestead, v. D. F. SAXON, trading and doing business as Saxon Amusement Company.

171 So. 807.
Opinion Filed January 12, 1937.

*George E. McCaskill,* for Appellants;

*John W. DuBose,* of Miami, and *C. N. Ashmore,* and *William K. Whitfield,* both of Tallahassee, for Appellee.

BUFORD, J.—The appellee filed bill of complaint to enjoin the Mayor and Chief of Police of the City of Homestead from interfering with the complainant in the operation of nine (9) certain coin-operated devices commonly known as slot machines in the City of Homestead. Temporary injunction was granted.

It was the contention of the complainant that because he had tendered the sum of $15.00 as license fee for each machine making an aggregate of $135.00, that the entire license which the City could demand had been tendered and that he was, therefore, entitled to operate the machines. He made good his tender in court.

We hold that the bill of complaint is insufficient to hold the defendant entitled to the relief prayed.

Under the provisions of Section 5 of Chapter 17,257, Laws of Florida, Acts of 1935, each operator of automatic vendors or skill machines is required to pay to each city or incorporated town in which he transacts business the sum of $75.00 and in addition thereto on automatic vendors the sum of $15.00, on skill machines $5.00, on trade machines $5.00 and on other machines $250.00. The pleadings show that all the machines involved here are "automatic vendors." In addition to this license to be paid by the operator, the location operator is required to pay license fee of $15.00 for the operation of each automatic vendor.

The bill of complaint does not show that the license fees required to be paid have either been paid or tendered. It does not show what the character of his operation is, that is, whether or not he is an "operator" as defined under Section 3 of Chapter 17,257, *supra,* or is a "location operator" as is defined by that section; nor does it show that the occupation license tax required of an "operator" for the privilege of operating slot machines in Homestead has been paid

or tendered. It does not show that license fees required of a "location operator" have been paid or tendered. The bill does not show that the machines proposed to be operated are the property of the complainant. It does not show whether the machines are proposed to be operated by the owner or by persons under contract with the owner.

So the bill entirely failed to state cause entitling the complainant to the relief prayed.

The order should be reversed and the cause remanded for further proceedings.

It is so ordered.

Reversed and remanded.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.